UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3809 GAF (RCx) | Date | October 20, 2006 |
|---|---|---|---|

| Title | Douglas v. Talk America Inc. |
|---|---|

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Marilynn Morris | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     (In Chambers)

**ORDER RE: MOTION TO COMPEL ARBITRATION AND STAY ACTION**

### A. BACKGROUND AND MOTION

Plaintiff Joe Douglas, who contracted with America Online ("AOL") in 1998 for long distance telephone services, became a customer of Defendant Talk America Inc. ("Talk America") in about 2001 when Talk America took over AOL's long distance accounts. Until about 2005, as a customer of Talk America, he received and paid for long distance telephone service. However, he contends that he discovered in 2005 that he was being charged a number of fees that allegedly were never, or not adequately, disclosed to him. Having become aware of those charges, he then filed this lawsuit for unfair and deceptive business practices, which he brings on his own behalf and as a purported class representative of all persons who were customers of Talk America for the past two years, and a subclass of California residents who were billed for such charges over the past four years. Plaintiff's operative First Amended Complaint ("FAC") asserts claims for violation of the Federal Communications Act, breach of contract, and violation of related California consumer protection statutes.

Talk America now moves under Federal Rule of Civil Procedure ("Rule") 12(b)(1) for dismissal for lack of subject matter jurisdiction, or, in the alternative, to compel arbitration and stay the present action.[1] Talk America contends that Plaintiff's agreement with Talk America

---

[1] Though the Ninth Circuit has yet to rule definitively on this issue, district courts have held that motions to compel arbitration may appropriately be styled as motions to dismiss for lack of subject matter jurisdiction. See Araiza v. Nat'l Steel & Shipbuilding Co., 973 F. Supp 963, 964 (C.D. Cal. 1997) (defendants filed a 12(b)(1)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 06-3809 GAF (RCx)                              Date   October 20, 2006

Title   Douglas v. Talk America Inc.

contains an arbitration clause that waives his right to pursue claims on behalf of a class and requires him to pursue his claims in arbitration. Plaintiff argues that he never received a copy of the agreement containing the clause, and that, even if he had received the agreement, the arbitration clause should not be enforced because it is unconscionable. For the reasons discussed below, the motion is **GRANTED**.

### B. ISSUES PRESENTED

The present motion raises three[2] issues for resolution:

1. Whether an agreement containing an arbitration clause can be enforced if the party resisting arbitration was not presented with a written copy of the agreement containing the arbitration clause.

2. Assuming that the arbitration clause is otherwise enforceable, whether the arbitration clause should be construed under California or New York law.

3. Whether, under the applicable state law, the arbitration clause is unconscionable and therefore unenforceable.

### C. DISCUSSION

#### 1. THE FEDERAL ARBITRATION ACT

The Federal Arbitration Act ("FAA") governs arbitration agreements in contracts involving interstate commerce and holds that such agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA further provides that "[a] party aggravated by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may

---

motion to compel arbitration pursuant to collective bargaining agreement); see also DeGroff v. MascoTech Forming Techs. Fort Wayne, Inc., 179 F. Supp. 2d 896, 899 n.2 (N.D. Ind. 2001) ("motion to compel arbitration could also be considered under [Rule] 12(b)(1)"). Lacking clear guidance from the circuit, the Court treats the motion as one to compel arbitration under 9 U.S.C. § 4.

[2] Although technically the first question is whether the arbitration clause would encompass the present dispute, the parties do not dispute its applicability if it is otherwise enforceable. The Court therefore does not discuss that question.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 06-3809 GAF (RCx) | Date | October 20, 2006 |
|---|---|---|---|
| Title | Douglas v. Talk America Inc. | | |

petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." Id. § 4. The court should then "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." Id. § 3.

When determining whether to compel a party to arbitrate a dispute, a district court may not review the merits of the dispute, but instead must limit its inquiry to: (1) whether a valid agreement to arbitrate exists, and, if it does, (2) whether the agreement encompasses the dispute at issue. Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000).

### 2. PLAINTIFF IS BOUND BY THE CONSUMER SERVICES AGREEMENT

Plaintiff acknowledges the existence of an agreement with Talk America in his FAC where he alleges that "[o]n or before July 18, 2005, Plaintiff and Talk America entered into a written telephone service contract." (FAC ¶ 37.) Indeed, he could hardly dispute its existence since he received services for which he paid Talk America over a period of approximately four years. Plaintiff further acknowledges that Talk America's Consumer Services Agreement ("CSA") specifies that "BY ENROLLING IN, USING, OR PAYING FOR THE SERVICES, YOU AGREE TO THE PRICES, CHARGES, TERMS AND CONDITIONS IN THIS AGREEMENT." (Opp. at 5; Herbenick Decl., Ex. A [CSA] at 1.) Among other things, the CSA contains a clause, entitled "Dispute Resolution," which states:

> THIS SECTION PROVIDES FOR RESOLUTION OF DISPUTES THROUGH FINAL AND BINDING ARBITRATION BEFORE A NEUTRAL ARBITRATOR INSTEAD OF IN A COURT BY A JUDGE OR JURY OR THROUGH A CLASS ACTION. YOU CONTINUE TO HAVE CERTAIN RIGHTS TO OBTAIN RELIEF FROM A FEDERAL OR STATE REGULATORY AGENCY.

(Herbenick Decl., Ex. A [CSA] at 4.) In addition, the CSA provides a class action waiver provision: "NO DISPUTE MAY BE JOINED WITH ANOTHER LAWSUIT, OR IN AN ARBITRATION WITH A DISPUTE OF ANY OTHER PERSON, OR RESOLVED ON A CLASS-WIDE BASIS." (Id. at 5.) Finally, the CSA contains a choice of law provision, in which "[t]his Agreement will be governed by the law of the State of New York, without regard to its choice of law rules." (Id. at 6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3809 GAF (RCx) | Date | October 20, 2006 |
|---|---|---|---|
| Title | Douglas v. Talk America Inc. | | |

Despite asserting alleged contract rights against Talk America, Plaintiff contends that he should not be bound by the CSA since he never received a written copy of the document. However, Talk America notes that the web site on which Plaintiff paid his bills contained a link to the CSA, which Plaintiff could have accessed at any time between February 2004 and September 2005. Cases that have addressed this issue in similar circumstances have held that the customer's use of Talk America's long distance service constitutes acceptance of the terms of the CSA. Crawford v. Talk America, Inc., No. 05-CV-0180-DRH, 2005 WL 2465909 (S.D. Ill. Oct. 5, 2005); see also Bischoff v. DirecTV, Inc., 180 F. Supp. 2d 1097, 1105 (C.D. Cal. 2002) ("Competent adults are bound by such documents, read or unread.").

The Court is presented with a similar situation in this case. Douglas contracted for long distance telephone services and knew that Talk America had undertaken the obligation to provide those services in 2001. Talk America in fact delivered long distance services to Douglas for approximately four years, and Douglas regularly paid for those services. Talk America provided internet access to the CSA, which Douglas could have read had he wanted to know the terms and conditions under which he was receiving services. Accordingly, the Court concludes that Douglas is bound by the CSA's terms and conditions.

### 3. NEW YORK LAW APPLIES

Where a federal court exercises supplemental jurisdiction over state claims, it will apply the choice of law rules of the forum state. MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co., 197 F.3d 1276, 1282 (1999). Under California law, "the court must first determine: (1) whether the chosen state has a substantial relationship to the parties or their transaction, or (2) whether there is any other reasonable basis for the parties' choice of law." Wash. Mut. Bank v. Super. Ct., 24 Cal. 4th 906, 916 (2001). If neither of these tests are met, that ends the inquiry, and the court applies the forum state's law. Id. If either test is met, however, the court must next determine whether the chosen state's law is contrary to a fundamental policy of California. Id. If there is no conflict, the court shall enforce the parties' choice of law provision. Id. However, if there is a conflict, the court is to determine whether California has a "materially greater interest" than the chosen state in the determination of the issue, id., in which case California law applies.

*i. New York Has a Substantial Relationship to Talk America*

A substantial relationship between the chosen state and the parties or their transaction can be found where: (1) a party to the choice-of-law clause is incorporated or has its principal place of business in the chosen state, Discover Bank v. Super. Ct., 134 Cal. App. 4th 886, 891-92 (Ct.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 06-3809 GAF (RCx) | Date | October 20, 2006 |
| Title | Douglas v. Talk America Inc. | | |

App. 2005); (2) where the contract is to be performed in the chosen state or a party in the dispute resides in that state, ABF Capitol Corp. v. Berglass, 130 Cal. App. 4th 825, 835 (2005); or (3) in the state where the contract was executed, First Pa. Bank, N.A. v. Lugli, 542 F. Supp. 73, 75 (N.D. Cal. 1982).

Here, Talk America establishes a substantial relationship by asserting that "Talk America had approximately 11,000 local and long distance customer lines in . . . New York." (Callahan Decl. ¶ 5.) Though it is unknown whether this number is a large or small percentage of its nationwide customer base, having 11,000 customers in the state alone establishes that its presence in New York is not de minimis. In addition, one of its four switches that route and connect customer calls is located in New York, while none is located in California. (Id. ¶ 6.) A switch helps Talk America perform its end of the contract with its customers by providing telephone service, which means that New York has a substantial relationship to Talk America.

### ii. *New York Law Does Not Violate Fundamental Policy of California*

The relevant fundamental policies here involve arbitration, arbitration agreements, unconscionability, and class action waiver provisions, none of which vary significantly between New York and California. First, both states recognize a strong public policy favoring arbitration. Broughton v. Cigna Healthplans, 21 Cal. 4th 1066, 1095 (1999); Ranieri v. Bell Atlantic Mobile, 759 N.Y.S.2d 448, 448 (N.Y. App. Div. 2003).

Second, both New York and California courts recognize that arbitration agreements are "valid, irrevocable, and unenforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Discover Bank v. Super. Ct., 36 Cal. 4th 148, 163 (2005) (citing 9 U.S.C. § 2); see Hayes v. County Bank, 811 N.Y.S.2d 741, 743 (N.Y. App. Div. 2006) (same). Both New York and California law also recognize that "a state court may refuse to enforce an arbitration agreement based on generally applicable contract defenses, such as fraud, duress, or unconscionability." Discover Bank, 36 Cal. 4th at 165; Brower v. Gateway 2000, Inc., 676 N.Y.S.2d 569, 573 (N.Y. App. Div. 1998).

Third, New York and California law have similar approaches to unconscionability defenses. In each state, unconscionability requires a showing that the contract was both procedurally and substantively unconscionable when made. Discover Bank, 36 Cal. 4th at 160; Brower, 676 N.Y.S.2d at 573. Both states also recognize that "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required" for unenforceability. Armendariz v. Found. Health Psychcare Serv., Inc., 24 Cal. 4th 83, 114

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 06-3809 GAF (RCx) | Date | October 20, 2006 |
|---|---|---|---|
| Title | Douglas v. Talk America Inc. | | |

(2000); see Brower, 676 N.Y.S.2d at 574 ("the substantive element alone may be sufficient to render the terms of ths provision at issue unenforceable"). Both focus on the same two factors for procedural unconscionability: oppression and surprise. Laster v. T-Mobile USA, Inc., 407 F. Supp. 2d 1181, 1187 (S.D. Cal. 2005); Brower, 676 N.Y.S.2d at 572-73.

Finally, as to class action waiver provisions, New York courts have consistently held that they are not unconscionable and do not violate public policy. Ranieri, 759 N.Y.S.2d at 449; Tsadilas v. Providian Nat'l Bank, 786 N.Y.S.2d 478, 480 (N.Y. App. Div. 2004). And though Discover Bank outlines a test to determine whether a class action provision is unconscionable, it specifically stated that it "[did] not hold all class action waivers [to be] necessarily unconscionable." 36 Cal. 4th at 162; see also Provencher v. Dell, Inc., 409 F. Supp. 2d 1196, 1201 (C.D. Cal. 2006) ("In Discover Bank, the California Supreme Court made it clear that there is *no blanket policy* in California against class action waivers in the consumer context.") (emphasis added).

Thus, because New York law does not conflict with California's fundamental policy regarding arbitration agreements and class action waiver provisions, New York law applies here.

### 4. UNDER NEW YORK LAW, THE ARBITRATION CLAUSE IS NOT UNCONSCIONABLE

"[G]eneral contract defenses such as fraud, duress, or unconscionability, grounded in state contract law, may operate to invalidate arbitration agreements." Circuit City Stores, Inc. v. Adams, 279 F.3d 889, 892 (9th Cir. 2002) (citation omitted). Due to the CSA's choice of law provision, New York law applies to determine whether the arbitration clause is unconscionable.

Under New York law, both procedural and substantive unconscionability are required to demonstrate that the arbitration agreement is unconscionable. Brower, 676 N.Y.S.2d at 573. In other words, there must be "some showing of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." Id. (citation and internal quotation marks omitted).

#### a. Procedural Unconscionability

Procedural unconscionability is present when one party "lacked any meaningful choice in entering into the contract, taking into consideration such factors as the setting of the transaction, the experience and education of the party claiming unconscionability, whether the contract contained 'fine print,' whether the seller used 'high-pressured tactics' and any disparity in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-3809 GAF (RCx) | Date | October 20, 2006 |
| Title | Douglas v. Talk America Inc. | | |

parties' bargaining power." Id. (citation omitted).

Here, Talk America was not the only provider of long distance telephone services available to Plaintiff, who had the option to cancel service at any time and sign up with another provider. See Ranieri, 759 N.Y.S.2d at 449 (arbitration provision not unconscionable "without offering evidence that he could not have chosen another service provider"). Though Talk America has greater bargaining power than Plaintiff, that factor "alone does not invalidate a contract . . . when the purchase can be made elsewhere." Id. In addition, the CSA itself was only seven pages, and the arbitration clause was typed in the same font size as the rest of the CSA, with portions in caps and bold to ensure that the reader was aware of this provision. In no way could the arbitration agreement be construed as "hidden or tucked away within a complex document of inordinate length." Brower, 676 N.Y.S.2d at 573. Thus, because Plaintiff did not "lack any meaningful choice" in entering into the agreement, the arbitration clause is not procedurally unconscionable.

### b. Substantive Unconscionability

Here, the only challenge to the substance of the arbitration agreement or the CSA is the class waiver provision. As such, the Court bases its analysis solely on whether the class waiver provision is substantively unconscionable.

Substantive unconscionability is present when "the terms unreasonably favor one party." Id. at 574. New York courts have consistently held that contractual waivers of class action rights within arbitration agreements are neither unconscionable nor violative of public policy. Ranieri, 759 N.Y.S.2d at 449; Tsadilas, 786 N.Y.S.2d at 480. New York courts have specifically noted that "[t]he arbitration provision is enforceable even though it waives plaintiff's right to bring a class action." Tsadilas, 786 N.Y.S.2d at 480.

Here, the arbitration clause's class action waiver provision is accepted under New York law. The "fact that the arbitration agreement[] effectively preclude[s] [Plaintiff] from pursuing a class action does not alone render [it] substantively unconscionable." Hayes, 811 N.Y.S.2d at 743. Thus, under New York law, the arbitration agreement is enforceable because it is not unconscionable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-3809 GAF (RCx) | Date | October 20, 2006 |
|---|---|---|---|
| Title | Douglas v. Talk America Inc. | | |

#### D. CONCLUSION

In sum, because Plaintiff is bound by the CSA and the arbitration clause is enforceable under New York law, the Court **GRANTS** Defendant Talk America's motion to compel arbitration and stay action.

IT IS SO ORDERED.

Initials of Preparer